IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CUTBERTA GOMEZ, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF ASUNCION GOMEZ-GUERRO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| OFFICER BAYSINGER, OFFICER TAVAJAINB, OFFICER VILLAFUERTE, OFFICER WHITEA, OFFICER KIRBY, OFFICER FERDINA, OFFICER PITON, and the CITY OF WAUKEGAN Defendants. | ) ) ) ) ) | Judge<br><br>Magistrate |

## COMPLAINT AT LAW

NOW COMES Plaintiff CUTBERTA GOMEZ, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF ANSUNCION GOMEZ-GUERRERO, by and through her attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants OFFICER BAYSINGER, OFFICER TAVAJAINB, OFFICER VILLAFUERTE, OFFICER WHITEA, OFFICER KIRBY, OFFICER FERDINA, OFFICER PITON, and the CITY OF WAUKEGAN states as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

### VENUE

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. PLAINTIFF ("Plaintiff" or "CUTBERTA") is the mother of the decedent, ASUNCION GOMEZ-GUERRERO ("Decedent"), and is a resident of the Village of Waukegan in Lake County, Illinois.

6. Defendants UNKNOWN WAUKEGAN POLICE OFFICERS, at all times relevant to this action, were employed by the City of Waukegan as police officers. They are sued in their individual capacities.

7. Defendants OFFICER BAYSINGER ("Baysinger"), OFFICER TAVAJAIN ("Tavajain"), OFFICER VILLAFUERTE ("Villafuerte"), OFFICER WHITEA ("Whitea"), OFFICER KIRBY ("Kirby"), OFFICER FERDINA ("Ferdina"), and OFFICER PITON ("Piton") were, at all times relevant to this action, employed by the City of Waukegan as police officers. They are sued in their individual capacities.

8. Defendant CITY OF WAUKEGAN is a municipal corporation located in LAKE COUNTY.

2

## FACTS

9. On February 3, 2019, there was an argument between Plaintiff's daughter and the decedent's girlfriend at Plaintiff's residence on the 3500 block of Winhaven Drive in Waukegan, IL.

10. Sometime during the argument, the police were called.

11. Plaintiff's daughter had walked away from the argument.

12. Decedent walked his girlfriend to his vehicle and began to speak with her when the defendants arrived on scene.

13. The individual defendants drew their guns and began to fire at decedent striking him five times.

14. As he was dying, the decedent's vehicle rolled down the block.

15. On May 14, 2019, Plaintiff was appointed independent administrator of decedents estate.

## COUNT I – EXCESSIVE FORCE – WRONGFUL DEATH

16. Plaintiff realleges paragraphs 1-14 of the Complaint as though fully stated therein.

17. On or about February 3, 2019, the individual defendants used excessive force against the decedent.

18. The individual defendants violated decedent's right to be free from unreasonable seizure when they used excessive force against him.

19. As a proximate result of this excessive force, the decedent was killed, suffering extensive and prolonged pain while dying.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against individual defendants and:

3

    a.     award compensatory damages in an amount not less than $15,000,000.00;
    b.     award punitive damages against each individual defendant in an amount not less than $100,000.00
    c.     award Plaintiff her attorney's fees and costs, and;
    d.     grant Plaintiff such further relief as this Court deems equitable and just.

## COUNT II – WRONGFUL DEATH UNDER ILLINOIS LAW – WILFUL AND WANTON CONDUCT OF ALL DEFENDANTS

20. Plaintiff restates and realleges all the statements made in paragraphs 1-18 of this Complaint as though fully stated therein.

21. At all times relevant to the Complaint, the individual defendants were under duties to refrain from conduct exhibiting a reckless or conscious disregard for the safety of others, including Plaintiff's decedent.

22. Notwithstanding said duties, the individual defendants intentionally and/or recklessly shot the decedent.

23. As a proximate cause of the individual defendants' conduct, the decedent suffered fatal injuries.

24. Decedent is survived by the following heirs: his minor child, M.G., his brother, Edwin Morales, his sisters, Jasmine Morales and Marbella Morales and his mother Cutberta Gomez.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against the individual defendants and:

    a.     ward compensatory damages in an amount not less than $15,000,000.00;
    b.     award punitive damages against each individual defendant in an amount not less than $100,000.00
    c.     award Plaintiff her attorney's fees and costs, and;
    d.     grant Plaintiff such further relief as this Court deems equitable and just.

### COUNT III – SURVIVAL ACTION UNDER ILLINOIS LAW – WILFULL AND WANTON CONDUCT OF ALL DEFENDANTS

25. Plaintiff restates and realleges all the statements made in paragraphs 1-23 of this Complaint as though fully set forth herein.

26. As a further proximate result of defendants' conduct, decedent suffered serious injuries of a personal and pecuniary nature, including great pain and suffering prior to his death, subjecting defendants to liability under the Illinois Survival Act.

WHEREFORE Plaintiff respectfully request that this Court enter judgment against individual defendants and:

   a. ward compensatory damages in an amount not less than $15,000,000.00;
   b. award punitive damages against each individual defendant in an amount not less than $100,000.00
   c. award Plaintiff her attorney's fees and costs, and;
   d. grant Plaintiff such further relief as this Court deems equitable and just.

### COUNT IV – CLAIM UNDER 745 ILCS 10/9-102 AGAINST DEFENDANT CITY OF WAUKEGAN

27. Plaintiff restates and realleges all the statements made in paragraphs 1-25 of this Complaint as though fully set forth herein.

28. Defendant CITY OF WAUKEGAN was, at all times material to this Complaint, the employer of Defendant individual defendants.

29. The individual defendants committed the acts alleged above in the scope of their employment as employees of Defendant CITY OF WAUKEGAN.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff demands judgment against the employer Defendant named in this Count in the amount awarded to Plaintiff and against the employee Defendants by way of judgment or settlement, including any and all amounts awarded for damages and costs.

Respectfully submitted,

/s/ Scott T. Kamin
Attorney for Plaintiff


Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd
Suite 1057
Chicago, IL 60604
(312) 322-0077
Ill. Attorney No.: 6226855